Filed 11/4/15  P. v. Andrade CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL STEPHEN ANDRADE,<br><br>    Defendant and Appellant. | F070214<br><br>(Super. Ct. No. VCF037400-96)<br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Kane, Acting P.J., Poochigian, J. and Smith, J.

The trial court denied Michael Stephen Andrade's motion for relief from a $10,000 restitution fine imposed pursuant to Penal Code section 1202.4, subdivision (b).[1] The fine was imposed at the sentencing hearing that occurred in 1998. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting he failed to identify any arguable issues in the appeal. On November 13, 2014, we sent to Andrade a letter inviting him to inform us of any issues he wanted this court to consider. Andrade responded and asks us to reduce the restitution fine, for the same reasons as stated in his motion.

We agree with appellate counsel that there are no arguable issues in this case. Andrade confuses section 1202.4, which must be imposed in all criminal cases unless unusual circumstances exist, with section 1202.45, which may be imposed only if a period of parole is imposed. The trial court initially imposed both fines, but subsequently ordered the fine imposed pursuant to section 1202.45 deleted from the judgment since Andrade is serving a sentence with no possibility of parole. The fine pursuant to section 1202.4 was properly imposed. Accordingly, we affirm the judgment.

## DISCUSSION

It appears that in 1997 Andrade was convicted of first degree murder and rape, and the jury found true the special circumstance that the murder was committed during the perpetration of a rape. On January 30, 1998, he was sentenced to life without the possibility of parole, apparently after the jury decided against imposing the death penalty. These facts are drawn from our unpublished opinion (*People v. Andrade* (Mar. 14, 2001) F030291) in which we affirmed the judgment.

It further appears that part of the judgment included a restitution fine of $10,000 pursuant to section 1202.4, subdivision (b). Our opinion from Andrade's initial appeal

---

[1] All statutory references are to the Penal Code.

2.

does not refer to a dispute about the restitution fine, so it would appear the issue was not raised by appellate counsel.

On or about January 11, 2008, Andrade filed a motion in the trial court seeking to have the restitution fine reduced to the statutory minimum of $200 because he had no ability to pay the fine. On January 14, 2008, the trial court denied the motion because it had no authority to consider a motion pursuant to section 1170, subdivision (d) since the time for recall of the sentence had expired.[2] A search of our records did not reveal any appeal from this ruling.

On May 3, 2011, an amended minute order was issued by the trial court which deleted the order for the suspended restitution fine imposed pursuant to section 1202.45. The order also contained the following sentence, "Defendant is not entitled to a refund as a result of restitution fines collected pursuant to Penal Code Section 1202.4." Section 1202.45 provided that where a sentence "includes a period of parole," in addition to the restitution fine imposed pursuant to section 1202.4, the trial court shall "assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." Although the record does not contain an explanation for the May 3, 2011, order, we may surmise that because Andrade's sentence did not include a period of parole the trial court recognized this fine was improperly imposed and therefore amended its minute order. It is unclear how this issue came to the attention of the trial court, although we suspect Andrade filed a motion to have the fine deleted.

On June 18, 2014, Andrade filed in the trial court another motion to modify his sentence. This motion is identical to the 2008 motion in every significant respect, except the 2008 motion also explained Andrade was seeking a transfer to another state and the

---

[2] Section 1170, subdivision (d) provides that a trial court may recall a sentence within 120 days of the date of commitment.

3.

restitution fine was posing a problem in obtaining the transfer. On September 10, 2014, the trial court denied the motion. This appeal is from denial of the 2014 motion.

Both the 2008 motion and the 2014 motion sought relief from a fine imposed pursuant to section 1202.4 at the sentencing hearing in 1998. Andrade appealed from that judgment, but, as far as we can tell, did not address the restitution fine. Needless to say, the time for appealing from the judgment has long expired. (Cal. Rules of Court, rule 8.308(a); *Antounian v. Louis Vuitton Malletier* (2010) 189 Cal.App.4th 438, 455 [issue not raised in brief is forfeited on appeal].)

We have also compared section 1202.4 to the version in effect in 1998 and conclude there has not been any significant change in the statute relevant to the issue presented by Andrade. The trial court has at all times retained the right to impose the maximum fine based on the criminal conduct of the defendant, while also retaining the right to consider the defendant's ability to pay the fine. Both the 1998 version of the statute and the 2015 version of the statute impose the burden on the defendant to establish he does not have the ability to pay the fine. (§ 1202.4, subd. (d).) There is nothing in this record to establish that Andrade met this burden at trial, nor are the "facts" cited in his motion sufficient to meet this burden.

## DISPOSITION

On this record, it is clear that Andrade is both procedurally barred from a remedy, and that there is no merit to his motion. Accordingly, we affirm the order denying his motion.